IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY D. EXUM, JR., <br><br> Plaintiff, <br><br> v. <br><br> PERCY MYERS, <br><br> Defendant. | Case No. 23-cv-01994-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Jerry Exum, an inmate of the Illinois Department of Corrections, initiated this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. In the Complaint, Plaintiff alleges that while incarcerated at Pinckneyville Correctional Center he injured his knee while playing basketball on June 9, 2022, and was not provided adequate medical care for his injury. (Doc. 1, 11). Notably, he did not receive an MRI until the end of July 2022, and his first knee surgery on August 1, 2022, was performed unsuccessfully, necessitating a second surgery in February 2023. Plaintiff is currently proceeding on an Eighth Amendment claim against Defendant Dr. Percy Myers for deliberate indifference to his knee injury.

This matter is before the Court on a motion for summary judgment on the issue of exhaustion filed by Dr. Myers. (Doc. 30). Along with the motion, Myers filed a Rule 56 Notice informing Plaintiff of the consequences for failing to respond to a motion for summary judgment. (Doc. 31). Plaintiff did not file a response in opposition. For the reasons set forth below, the motion for summary judgment is granted.

## LEGAL STANDARDS

### *I. Summary Judgment*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Roberts v. Neal,* 745 F. 3d 232, 236 (7th Cir. 2014). Where there is no disputed issue of fact, as in this case, a hearing is not necessary.

### *II. Exhaustion of Administrative Remedies*

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust

remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F. 3d 1022, 1025 (7th Cir. 2002). Furthermore, exhaustion of available administrative remedies must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

### III. Grievance Procedures

As an inmate in the custody of IDOC, Plaintiff was required to follow the grievance procedure laid out in the Illinois Administrative Code ("grievance procedures"). 20 ILL. ADMIN. CODE § 504.800, *et seq*. The grievance procedures direct an inmate is to file a grievance first with the Counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). The grievance form must:

> [C]ontain factual details regarding each aspect of the offende"'s complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c). Grievances that are unable to be resolved through routine channels are then sent to a Grievance Officer. *See* 20 ILL. ADMIN. CODE § 504.820(a). The Grievance Officer will review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). The Grievance Officer must submit his findings to the Chief Administrative Officer (CAO) within two months after receiving the grievance. 20 ILL. ADMIN. CODE § 504.830(e). The CAO then reviews the findings and recommendation of the Grievance Officer and issues a written decision to the inmate. *Id.* If the inmate is not satisfied with the response, he can file an appeal with the Administrative Review Board (ARB). *See* 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days after the date of the decision by the CAO, and copies of "the Grievance Officer's report and the Chief Administrative Officer's

decision should be attached." *Id.* Only after a grievance is reviewed by the ARB is it deemed exhausted. See *Pozo*, 286 F.3d at 1023–24.

## ANALYSIS

As discussed, Plaintiff was informed by Myers of the consequences of failing to respond to the motion for summary judgment. Plaintiff was also advised in the Initial Scheduling and Discovery Order that "failure to respond to the motion for summary judgment may result in an Order granting the motion." (Doc. 20, p. 4). Despite these warnings, Plaintiff did not put forth any arguments in opposition of Myer's motion for summary judgment and has not filed anything with the Court since May 2024. (Doc. 24, 25). Pursuant to Federal Rule of Civil Procedure 56(e), "[i]f a party fails. . . to properly address another party's assertion of fact" the Court may "consider the fact undisputed for purposes of the motion." Thus, the Court deems Plaintiff's failure to respond as an admission to the material facts of the motion for summary judgment on exhaustion filed by Myers. See *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl,* 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts). Based on this admission, the Court finds that Plaintiff failed to properly exhaust his administrative remedies as to his Eighth Amendment claim for unconstitutional medical care against Myers.

According to the Complaint and the Motion for Summary Judgment, Plaintiff filed six grievances relevant to the allegations in this case: Grievances #1610-02-22, #1631-06-22, #1655-06-22, #1670-06-22, #1772-06-22, and #507-02-23. (Doc. 1, p. 6; Doc. 30).[1] Myers argues that none of these grievances serve to properly exhaust Plaintiff's claim against him. He first argues

---

[1] In the Complaint, Plaintiff also references and attaches Grievance #1630-06-22. (Doc. 1, p. 19-20). In this grievance, Plaintiff complains about correctional staff in the gym "disregarding" their duty of care after he fell and injured his knee. The grievance does not contain any details or complaints regarding Plaintiff's medical care and does not exhaust his claim against Myers.

that Grievances #1655-06-22, #1670-06-022, #1772-06-22, and #507-02-23 were procedurally deficient. Grievances #1655-06-22 and #1670-06-22 were denied by the ARB because Plaintiff failed to provide copies of the institutional grievance responses along with the grievances, Grievance #507-02-23 was denied by the ARB as untimely, and Grievance #1772-06-22 was never appealed to the ARB. (Doc. 30-1, p. 10, 13, 17). As for the remaining two grievances, #1610-02-22 and #1631-06-22, Myers acknowledges that Plaintiff properly followed the grievance procedures in submitting and appealing the grievances and that he received a determination on the merits by the ARB. (Doc. 30, p. 9). Myers contends, however, that these two grievances do not exhaust Plaintiff's administrative remedies because the grievances do not mention or describe Myers in any conceivable way. (*Id.*).

The record supports Myers's argument that Plaintiff did not comply with the grievance procedures when filing and appealing Grievances #1655-06-22, #1670-06-022, and #177-06-22.[2] Thus, these grievances did not fulfill Plaintiff's exhaustion requirement. *See Hernandez v. Dart, 814 F. 3d 836, 842 (7th Cir. 2016)* (a prisoner exhausts his administrative remedies by "adhering to the specific procedures and deadlines established by the prison's policy").

The Court disagrees, however, that Grievance #507-02-23 must be disregarded as untimely filed. In Grievance #507-02-23, dated January 6, 2023, Plaintiff complains about the outside orthopedic group, Orthopedic of Southern Illinois, who performed his first knee surgery. (Doc. 30-1, p. 18). He states that if the second surgery, which was also scheduled to be performed by Orthopedic of Southern Illinois, does not fix his knee, then he asks to be sent to another medical provider for treatment. (*Id.*). The grievance was addressed on the merits by the grievance officer,

---

[2] Contrary to Myers's argument, his exhibits show that Plaintiff did appeal Grievance #1772-06-22 to the ARB. (*See* Doc. 30-1, p. 15-16). Grievance #1776-06-22 was submitted along with Grievance #1670-06-22. The ARB considered both grievances together and denied them for failure to provide the necessary institutional responses. (*Id.* at p. 9, 13). Grievance #1772-06-22, therefore, was still not filed in accordance with grievance procedures.

who denied the grievance. (Doc. 30-2, p. 27). The COA concurred in the denial, and Plaintiff appealed to the ARB. (*Id.*). The ARB did not consider the merits of Plaintiff's grievance but rather denied the grievance as not submitted in the timeframe outlined in the grievance procedures. (Doc. 30-1, p. 17).[3]

As this Court has observed, "when officials at the correctional facility address a grievance on the merits, the ARB cannot 'later examine the grievance on procedural grounds to cure the error.'" *Walls v. Nalewjka,* No. 21-cv-01369-SPM, 2023 WL 6147525, at *4 (S.D. Ill. Sept. 20, 2023) (quoting *Kane v. Santos,* No. 17-cv-01054, 2020 WL 967878, at *1 (S.D. Ill. Feb. 28, 2020)). Because the grievance officer denied Grievance #507-02-23 on the merits, Myers cannot assert that "Plaintiff failed to exhaust his administrative remedies because the ARB rejected the grievances as untimely." *Ford v. Wexford Health Source*, No. 13-cv-42-JPG, 2014 WL 685841, at *5 (S.D. Ill. Feb. 20, 2014). That being said, Grievance #507-02-23 cannot serve to exhaust Plaintiff's claims against Myers. Grievance #507-02-23, dated January 6, 2023, specifically names "Wexford" and complains that Wexford was again sending him for a second knee surgery to the same orthopedic group who had previously operated on his knee and did so improperly. The grievance gives no clear indication that Plaintiff was unhappy with the medical care during the time he was treated by Myers, which according to the Complaint was from June 2022, following his knee injury, through August 2022, when he received his first surgery. (Doc. 1, p. 8-9, 11-12). Thus, Grievance #507-02-23 could not have put prison official on notice that Myers provided inadequate medical treatment in the months preceding the grievance and does not exhaust Plaintiff's claim against Myers.

---

[3] The ARB checked the box indicating that the grievance was "[n]ot submitted in the timeframe outlined in Department Rule 504," as opposed to the box specifying that the grievance was deficient because the ARB "received the appeal 30 days past date of Chief Administrative Officer's decision." (*See* Doc. 30-1, p. 17).

For similar reasons, Grievances #1610-06-22 and #1631-06-22 also do not contain sufficient information to exhaust the allegations in this lawsuit. The Illinois Administrative Code requires a certain amount of detail when utilizing the administrative process. The grievance must "contain factual details regarding each aspect of the [inmate's] complaint, including…the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c). If the inmate does not know the name of the individual involved in the incident, then he or she must use as much descriptive information about the individual as possible. *Id*. The Seventh Circuit has emphasized that the purpose of the exhaustion requirement is "to alert prison officials to perceived problems and to enable them to take corrective action without first incurring the hassle and expense of litigation." *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). Thus, the content of the grievance must include enough information to provide "prison officials a fair opportunity to address" the inmate's complaint. *Maddox v. Love*, 655 F. 3d 709, 722 (7th Cir. 2013).

In Grievances #1610-06-22, dated June 10, 2022, and #1631-06-22, dated June 13, 2022, Plaintiff requests an MRI in the days following his knee injury, which occurred on June 9, 2022, and complains about not being given ice and being in pain. Responding to the grievances collectively on June 27, 2022, the Grievance Officer writes that Plaintiff had an appointment with a physician assistant on June 13, 2022, who issued Plaintiff a brace, an ice permit, and pain and anti-inflammatory medication. The physician assistant also submitted Plaintiff for an MRI. The Grievance Officer states that an "MRI is scheduled for the end of July which is the soonest appointment available." (Doc. 30-1, p. 23). The Grievance Officer notes that Plaintiff had been placed on the "provider line for a follow up on June 23, 2022." (*Id.*). Thus, the prison corrected the problem Plaintiff complained about – being scheduled for an MRI and providing him treatment

for his symptoms in the meantime. Plaintiff's first interaction with Myers was not until after the filing of these grievances on June 23, 2024, (Doc. 1, p. 8), and there is simply nothing in the grievances to suggest that Plaintiff was complaining about Myers's conduct as alleged in the Complaint – that Myers deliberately cancelled an MRI appointment that had been scheduled for June 13 to save money and subsequently refused to have him examined by an outside specialist. There was no way for prison officials to know from Grievances #1610-06-22 and #1631-06-22 that Plaintiff was disgruntled with the care provided by Myers and further correction action was need. Accordingly, the grievances did not sufficiently alert prison officials to the issues alleged in this case and do not exhaust Plaintiff's claim.

Because there is no evidence that Plaintiff properly exhausted his administrative remedies regarding the claim in this case, the motion for summary judgment is granted.

### DISPOSITION

For the reasons provided, the Court **GRANTS** the motion for summary judgment (Doc. 29) filed by Defendant Dr. Percy Myers. **COUNT 1** and this **ENTIRE CASE** are **DISMISSED without prejudice** for failure to exhaust. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious,

Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

    **IT IS SO ORDERED.**

    **DATED: February 13, 2025**

                                                    _s/Stephen P. McGlynn_
                                                  **STEPHEN P. MCGLYNN**
                                                  **United States District Judge**